HOWELL, J., recused.

---

## CLEMENT BROWN v. HIS CREDITORS, AND NORTH, SMEDES & CO. v. BROWN AND WIFE.

*The judgment of separation of property is valid, although the wife fails to prove, when attacked by the creditors of the husband, that he was indebted to her for the full amount for which she obtained judgment against him. The creditor can then only contest the amount of her judgment. A creditor placed upon the tilan for more than is due to him, is not a fraudulent act of the debtor; particularly if not so charged in opposition.*

APPEAL from the Third Judicial District Court of Jefferson, *Burthe,* J. *Whittaker & Fellows* for Brown and wife. *R. K. Cutler* and *Messrs. Cotton* for intervenors.

*L. Castera for North, et als.*—Our Code, Article 1915, says that, in cases, however, of contracts, which purport to transfer immovable property,

BROWN
*v.*
HIS CREDITORS.

they are avoidable on a charge of fraud, by persons acquiring *bona fide* immediate rights by contract with the debtor.

The 13 Annual Reports, in the case of *A. Giraud et als.* v. *Mazier*, speaking of the dispositions of the above Article, says :

"But the law on this subject has been changed by the act of 1856 ; the 22d and 24th secs. of that act p. 436 ; R. S. pp. 256 and 257, are copied from the 11th and 13th sections of the acts of 1840 ; (Bullard & Curry's Dig.) pp. 474 and 475, authorize in express terms the institution of a suit like this by an individual creditor after the cession of property. See § 21, p. 435 of acts 1855 and p. 256 of Philip's Revised Statutes ; and upon this point a radical change of legislation must be specially noticed ; the change is found in section 21 of the acts of 1855, which is identical with the 10th section of the act of 1840 ; B. C. Dig. *loco citato*, with the exception that the act of 1840 applies to debtors who have voluntarily surrendered their property, while the act of 1855 applies to all debtors who have surrendered their property."

The case reported in 3 La. 461 and 4 An. 365, being decisions rendered previous to the act of 1855, are therefore no longer to be considered as authorities upon this point of practice.

As your honors will perceive, any creditor of an insolvent who has made a surrender, may, in his own name and for his own use and benefit, institute a revocatory action, to obtain the nullity and avoidance of any act passed at any time by his debtor with the view of defrauding creditors. This action can be resorted to even when the creditor has acquired *bona fide* immediate rights by contract with his debtor, and plaintiff in the action has a right to stand in judgment.

Now the plea of prescription is still less tenable.

There is a distinction to be made between a revocatory action brought by a party to a contract, and one instituted by a third person not a party to the contract. In the first case, the action is to be brought within a year from the date of the contract ; in the second instance the action may be instituted within a year from the appointment of a syndic. C. C. Art. 1989 ; 4 L. R. 257. *Brown, syndic,* v. *Fergurson,* and especially p. 259, in fine, and p. 260 ; 11, L. R. 419, 424, *Fenessy* v. *Gousoulin* ; 13 L. R. 126, *Hiriart* v. *Roger.*

In the decision last cited, the plaintiff Hiriart had obtained judgment in October, 1835. Roger, the defendant and debtor, had conveyed some property to his wife in October, 1828, and the sale was annulled as being tainted with fraud. 1 An. 132, *Cammack et als.* v. *Watson, et als.* See same vol. p. 262 ; *Wright* v. *Chamblis, et als.* 2 An, 451 ; *Nimo* v. *Allen,* same vol. p. 483 ; *Demstown* v. *Nut, et als.*

The issue was not changed by the supplemental petitions, because in matters of insolvency all the property of the debtor passes to his creditors by the surrender, whether the property be included in the schedule or not. 11 L. R. 521 ; *Muse, syndic,* v. *Yarborough, et al.*

The only thing which the appellants could have complained of was that, in the original charge of fraud, the property in Arkansas, and the slaves which Clement Brown had concealed from and placed out of the reach of his creditors, were not specified and named ; but even this seeming neglect can not be claimed of, because, the appellees only dis-

covered the facts disclosed in their supplemental charge of fraud during
the course of the first trial of this cause. Besides, as Brown had made
no mention in his schedule of the property charged to have been con-
cealed or disposed of by him, the creditors could not reasonably be ex-
pected to make any disclosures or representations as to the situation or
specific quality and nature of said property, but could only allege that
Brown had not made a true and faithful statement of his affairs, and
charge him, as they did, with having passed simulated deeds, and upon
this point your appellees are of opinion that they have complied with the
law. Acts 1855, sections 20 and 21. Acts 1808, §§ 16, 17; 4 L. R. 55,
*Montesquieu* v. *Hill*; *Ib.* 200, *Coque* v. *His Creditors*.

Now let us come to the revocatory action, praying for the nullity of the
judgment of separation of property, on the ground that said judgment
had been fraudulently obtained.

The general principle of our law is that when a judgment has been ob-
tained by the wife against the husband, and when fraud is alleged in the
premises, the burden of proof is thrown on the wife. 4 L. R. 422, *De-
blanc* v. *Deblanc*. 1 An. 42, *Lefebre, syndic,* v. *Montilly*.

What are the allegations of Evelina Anderson?

That she married her husband in the State of Maryland, in 1836; that
she inherited from her father's estate a sum of $5,000, in September, 1836;
and $500 from the estate of her mother, in 1836; and in the same year,
from her aunt, $500; and in 1850, from another aunt, $271 65; in all,
$6,271 65; which various sums were received by her husband.

These pretended sums of money were received in Virginia, a State
where the common law prevails.

In Grattan's Virginia Reports, vol. 8, p. 149, in the case of *Lewis et al* v.
*Caperton et al.*, the court decided that a post nuptial settlement made by
the husband on his wife, of personal property derived from her father's
estate, not having been properly recorded, is void as against the creditors
of the husband.

In the same Reports, vol. 2. p. 98, in the case of *Dold's Trustee* v. *Gor-
gen, Ex'r*, the court held that choses in action, and other property to which
the wife is entitled during coverture, are liable to husband's creditors.

Every asset, therefore, of said Clement Brown was liable to his credi-
tors; more especially because the evidence shows that when he received
for his wife, not $6,271 65, as alleged, but only a small amount of money
decreed to her, he had not then intended to remove to Louisiana, and the
legal conclusion is that Evelina Anderson, his wife, had not; and could
not claim any privilege for her pretended rights. 11 L. R. p. 464, *Andrews*
v. *His Creditors*. 4 An. 65, *Hayden* v. *Nutt et al.* 6 An. 703, *Martha A.
Arnold* v. *McBride*. 10 An. 549, *L. C. Henderson* v. *D. B. Trousdale et al.*
14 An. 584, *J. Eager* v. *G. A. J. Brown and Wife*.

Let us now take another view of this case. According to our laws the
wife may, during the marriage, apply for a separation of property, when-
ever her dowry is in danger, or when the disorder of the affairs of her hus-
band induces her to believe that his estate may not be sufficient to meet
her rights and claims. C. C. Art. 2399.

We have already seen that when a judgment of separation of property
between husband and wife is attacked, to have it annulled on the ground

BROWN
v.
HIS CREDITORS. of fraud, and when the husband is insolvent, the burden of proof is thrown on the wife. 4 L. R. 422, *Deblanc* v. *Deblanc.* 11 L. R. 534, *Bostwick* v. *Gasquet et al.*

She did not comply with any of the formalities prescribed by law to give life to her judgment.

By the Article 2403 of our Code, she was bound to publish the decree of separation within the three following months after rendition. There is no evidence, unless I am mistaken, of such a publication. In the record, then, said judgment is null and void. See 3 R. 328, *Harriett Marshall* v. *Michael Mullen.*

The judgment of separation is also null and void, according to the terms and provisions of Article 2402 of our Code, which says that the judgment is null and void if it has not been executed by the payment of the rights and claims of the wife, made to appear by an authentic act, as far as the estate of the husband can meet them, or at least by a *bona fide* non-interrupted suit to obtain payment. See the last quoted case. 1 Rob. 431. *Electo Bostee* v. *John Walker.* 4 An. 513, *Longiuo* v. *Blackstone.*

LABAUVE, J. These two cases were consolidated and tried together below.

Madame Evelina Anderson brought a suit against her said husband, Brown, in December, 1852, alleging the disorder of his affairs, praying for a separation of property and for a judgment for money received by him. On the 10th January, 1853, she obtained a judgment against her said husband for $6,271 65, with interest. Under that judgment she proceeded, by seizing and selling property, consisting in town lots and slaves, which were adjudicated to her at sheriff's sale, in July, 1853. Clement Brown was forced to a surrender of property, and which, being made, was accepted by the judge, May 15th, 1858. A number of creditors of the insolvent, Clement Brown, brought suits in June, 1858, to annul and set aside the judgment so obtained by said Evelina Anderson, and also to avoid the sale of property made to her by the sheriff under said judgment, and to have said property decreed to be liable for the debts of her said husband, Clement Brown, due said creditors.

The evidence shows that these complaining creditors became such three or four years after said Evelina Anderson had obtained her judgment and bought property under it at sheriff's sale. From an examination of the record, we are satisfied that said Evelina Anderson adduced *prima facie* evidence in support of her judgment, and that the suing creditors had nought to attack it. *Dinkgrave* v. *Norwood et al.*, 10 An. 564. *Landry* v. *Marchais*, 6 An. 89. *Duchard* v. *Rousseau*, 2 An. 174. *Sarah Ann Binford* v. *B. H. Thorn & Co.*, 15 An. 81.

We are of the opinion that the judgment rendered in favor of said Evelina Anderson against her husband, and the sale of property under it to her, are legal and valid.

We now come to the charge of fraud made against Clement Brown.

As we have come to the conclusion to remand this case, as regards Clement Brown, it becomes necessary, to facilitate the trial below, to pass on certain bills of exception, so far as Brown is concerned. Brown's counsel moved the court below to strike out from the record several sup-

plemental petitions of the complaining creditors, filed in 1860, on the
ground, in substance, that they contained additional charge of fraud against the insolvent, and that they were too late; being filed long after the expiration of the ten days, etc. The court overruled the motion, and counsel of Brown took his bill of exceptions. We think the court did not err. This did not change the issue.

The court charged the jury, in regard to Brown, that the putting down by the insolvent of a creditor, on his schedule, for a larger amount than was really due; as, for instance, the wife for a larger amount, was one of the kinds of frauds which were not specified in the acts relative to insolvents, but which is included in the words: *or any other fraud.* This charge was excepted to. We think the court erred. There was no allegation of that act in the oppositions; besides, it would not seem to be a fraud as contemplated by law. *Montilly* v. *Creditors,* 18 L. 383; *Slocomb* v. *Real Estate Bank.* 2 R. 92.

On trial below, the opponents and intervenors offered in evidence act of sale of property, 28th December, 1855, of C. Brown to H. C. Brown, and placed on the stand witnesses, *Robinson* and others, as to said transaction and others; to the introduction of this testimony, counsel for defendants objected, on the ground that no transaction, of a date more than a year prior to the transaction of Brown with complaining creditors, should be admitted in evidence. The court overruled the objections and received the testimony. We think the court did not err, as it was contended that this sale was a pure simulation.

The bills of exception taken by Evelina Anderson are passed over unnoticed, our decision being in her favor, notwithstanding the rejection of testimony.

We think that justice requires the case to be remanded for a new trial, on the charge of fraud against Clement Brown.

It is therefore adjudged and decreed, that the judgment of the District court be annulled and reversed; it is further adjudged and decreed, that there be judgment in favor of Mrs. Evelina Anderson and against the said complaining creditors in the revocatory action, and that said complaining creditors and opponents pay all costs incurred in said revocatory suit. It is further decreed that this case be remanded as regards the insolvent, Clement Brown, to be proceeded in according to law, and that the complaining creditors and appellees pay the costs of appeal.